AEE

FILED
JANUARY 9, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JEROME TATE, | ) | |
| | ) | |
| Plaintiff, | ) | **08 C 218** |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | **JUDGE COAR** |
| a municipal corporation, | ) | **MAGISTRATE JUDGE COX** |
| JOHN DOE POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT

Jurisdiction/Venue

      1.      This incident occurred on or about January 29, 2006, in the City of Chicago, Cook County, Illinois.

      2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

Parties

      3.      At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

      4.      At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of any Chicago Police Officer described in this complaint, who took their actions under color of law, and in the course and scope of their employment with the City of Chicago.

Facts

5.  On or about January 29, 2006, a John Doe Chicago police officer, without lawful justification, battered the Plaintiff, *i.e.*, *inter alia*, he repeatedly kicked the Plaintiff about the body – and more specifically in the testicles – causing the Plaintiff severe and permanent bodily injury, including but not limited to surgery to repair his left testicle, thus this John Doe police officer used excessive force on the Plaintiff.

6.  On the above time and date, at least one other John Doe Police Officer had a reasonable opportunity to prevent this John Doe Police Officer from using excessive force, but failed to intervene to prevent the use of such force, even though the opportunity existed to do so.

7.  After the Plaintiff was injured, one or more John Doe Police Officers were aware of the existence of the Plaintiff's serious physical injuries, but failed to give the Plaintiff the immediate medical attention he required, causing the Plaintiff to needlessly suffer physical and mental pain and suffering, and aggravating the Plaintiff's injuries.

8.  In addition, prior to and on the date of the occurrence, the City of Chicago had in place one or more widespread policies and procedures in place that were the driving force behind the Plaintiff's injuries. These policies and/or procedures include, but are not limited to, the widespread use of excessive force by Chicago police officers, with the full knowledge of the City of Chicago, and the City of Chicago knew, on the date of the occurrence and prior to that date, that its policies and procedures would result in the continued use of excessive force against persons such as the Plaintiff, but the City nevertheless did nothing to prevent this from happening.

9.  Moreover, prior to and at the time of this occurrence, the City had in place at least

one policy or procedure in place that endorsed the so-called "code of silence," a police and/or procedure whereby City of Chicago police officers or other employees agree to protect one another from civil lawsuits and possible criminal indictments by covering up for each other's actions, that prevents persons such as the Plaintiff from vindicating their rights in court and from getting the immediate medical attention that they need.  Moreover, this code of silence, the City knew, would lead to excessive force being used against persons such as the Plaintiff, and that the Plaintiff would be hindered in his ability to get immediate medical treatment and full vindication of his rights in a court of law.  The City's policies and procedures in this regard were the driving force behind the Plaintiff's injuries.

10. As a result of the actions described above, the Plaintiff suffered pecuniary damage, humiliation, severe physical damage, as well as emotional distress.

COUNT I – 42. U.S.C. § 1983 –
Excessive Force –
Plaintiff against Defendant John Doe Police Officer

11. Plaintiff realleges what has previously been alleged in this Complaint.

12. In taking the actions described above, Defendant John Doe Police Officer willfully and wantonly used excessive force on the Plaintiff, the proximate cause of which was the Plaintiff's damages, described more fully above.

WHEREFORE, Plaintiff demands compensatory damages against Defendant John Doe Police Officer, plus punitive damages, plus the costs of this action, and any such other and additional relief as this Court deems equitable and just.

COUNT II – 42. U.S.C. § 1983 –
Failure to Invervent to Prevent the Use of Excessive Force –
Plaintiff against One or More Defendant John Doe Police Officers

13. Plaintiff realleges what has previously been alleged in this Complaint.

14. In taking the actions described above, one or more Defendant John Doe Police Officers willfully and wantonly failed to intervene to prevent the use of excessive force by another Chicago police officer, even though one or more Defendant John Doe Police Officers had the reasonable opportunity to do so, the proximate cause of which was the Plaintiff's damages, described more fully above.

WHEREFORE, Plaintiff demands compensatory damages against one or more Defendant John Doe Police Officers, plus punitive damages, plus the costs of this action, and any such other and additional relief as this Court deems equitable and just.

WHEREFORE, Plaintiff demands compensatory damages against one or more John Doe Police Officers, plus the costs of this action, and any such other and additional relief as this Court deems equitable and just.

COUNT III – 42. U.S.C. § 1983 –
Failure to Provide Medical Care –
Plaintiff against one or more Defendant John Doe Police Officers

15. Plaintiff realleges what has previously been alleged in this Complaint.

16. In taking the actions described above, one or more Defendant John Doe Police Officers willfully and wantonly failed to provide the Plaintiff medical care to the Plaintiff, even though they had the duty to do so.

18. The proximate cause of this failure to provide medical care was the Plaintiff's injuries, described more fully above.

WHEREFORE, Plaintiff demands compensatory damages against Defendant John Doe Police Officer, plus punitive damages, plus the costs of this action, and any such other and

additional relief as this Court deems equitable and just.

COUNT IV – 42. U.S.C. § 1983 –
Monell Claim –
Plaintiff against the City of Chicago

17.  Plaintiff realleges what has previously been alleged in this Complaint.

18.   In addition, the City of Chicago has one or more widespread policies and procedures in place that were the driving force behind the Plaintiff's injuries.  These policies and/or procedures include, but are not limited to, the widespread use of excessive force by Chicago police officers, with the full knowledge of the City of Chicago, and the City of Chicago knew prior to the date of the this occurrence, that its policies and procedures would result in the continued use of excessive force against persons such as the Plaintiff, but the City nevertheless did nothing to prevent this from happening.

19.    Moreover, prior to and at the time of this occurrence, the City has at least one policy or procedure in place that endorsed the so-called "code of silence" that prevents persons such as the Plaintiff from vindicating their rights in court and from getting the immediate medical attention that they need.  Moreover, this code of silence, the City knew, would lead to excessive force being used against persons such as the Plaintiff.  The City's policies and procedures in this regard were the driving force behind the Plaintiff's injuries.

20.    As a result of the actions described above, the Plaintiff suffered pecuniary damage, humiliation, severe physical damage, as well as emotional distress.

WHEREFORE, Plaintiff demands compensatory damages against the City of Chicago, plus the costs of this action, and any such other and additional relief as this Court deems equitable and just.

COUNT V – Plaintiff against the City of Chicago (Indemnification on Federal Claims)

21.     Plaintiff realleges what has been previously alleged in this Complaint.

22.     Defendant City of Chicago is the indemnifying entity for the actions, described above, of Defendant John Doe Police Officer, who took his actions while acting under color of law and in the course and scope of their employment with the City of Chicago.

WHEREFORE, should any police officer be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) she obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                Respectfully submitted,

                s/ Richard Dvorak

                _____

                Richard Dvorak,
                One of the Attorneys for the Plaintiff.

Richard Dvorak
Dvorak, Toppel & Barrido
3859 W. 26th Street
Chicago, IL 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)