IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JEROME TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 C 218 |
| | ) | |
| CITY OF CHICAGO, | ) | Hon. Judge Coar |
| a municipal corporation, | ) | |
| LOUIS JONES, Star Number 11648 | ) | Hon. Mag. Judge Cox |
| | ) | |
| Defendants. | ) | |

FIRST AMENDED COMPLAINT

Jurisdiction/Venue

    1.    This incident occurred on or about January 29, 2006, in the City of Chicago, Cook County, Illinois.

    2.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

Parties

    3.    At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

    4.    At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendant Louis Jones, a Chicago Police Officer, Star Number, 11648, who took his actions under color of law, and in the course and scope of his employment with the City of Chicago.

Facts

5. On or about January 29, 2006, Jones, without lawful justification, battered the Plaintiff, *i.e.*, *inter alia*, he repeatedly kicked the Plaintiff about the body – and more specifically in the testicles – causing the Plaintiff severe and permanent bodily injury, including but not limited to surgery to repair his left testicle, thus Jones used excessive force on the Plaintiff.

6. In addition, prior to and on the date of the occurrence, the City of Chicago had in place one or more widespread policies and procedures in place that were the driving force behind the Plaintiff's injuries. These policies and/or procedures include, but are not limited to, the widespread use of excessive force by Chicago police officers, with the full knowledge of the City of Chicago, and the City of Chicago knew, on the date of the occurrence and prior to that date, that its policies and procedures would result in the continued use of excessive force against persons such as the Plaintiff, but the City nevertheless did nothing to prevent this from happening.

7. Moreover, prior to and at the time of this occurrence, the City had in place at least one policy or procedure in place that endorsed the so-called "code of silence," a police and/or procedure whereby City of Chicago police officers or other employees agree to protect one another from civil lawsuits and possible criminal indictments by covering up for each other's actions, that prevents persons such as the Plaintiff from vindicating their rights in court and from getting the immediate medical attention that they need. Moreover, this code of silence, the City knew, would lead to excessive force being used against persons such as the Plaintiff, and that the Plaintiff would be hindered in his ability to get immediate medical treatment and full vindication of his rights in a court of law. The City's policies and procedures in this regard were the driving

force behind the Plaintiff's injuries.

8.  As a result of the actions described above, the Plaintiff suffered pecuniary damage, humiliation, severe physical damage, as well as emotional distress.

COUNT I – 42. U.S.C. § 1983 –
Excessive Force –
Plaintiff against Defendant Louis Jones

9.  Plaintiff realleges what has previously been alleged in this Complaint.

10.  In taking the actions described above, Defendant Jones willfully and wantonly used excessive force on the Plaintiff, the proximate cause of which was the Plaintiff's damages, described more fully above.

WHEREFORE, Plaintiff demands compensatory damages against Defendant Louis Jones, plus punitive damages, plus the costs of this action, and any such other and additional relief as this Court deems equitable and just.

COUNT II – 42. U.S.C. § 1983 –
Monell Claim –
Plaintiff against the City of Chicago

11.  Plaintiff realleges what has previously been alleged in this Complaint.

12.  In addition, the City of Chicago has one or more widespread policies and procedures in place that were the driving force behind the Plaintiff's injuries.  These policies and/or procedures include, but are not limited to, the widespread use of excessive force by Chicago police officers, with the full knowledge of the City of Chicago, and the City of Chicago knew prior to the date of the this occurrence, that its policies and procedures would result in the continued use of excessive force against persons such as the Plaintiff, but the City nevertheless did nothing to prevent this from happening.

13. Moreover, prior to and at the time of this occurrence, the City has at least one policy or procedure in place that endorsed the so-called "code of silence" that prevents persons such as the Plaintiff from vindicating their rights in court and from getting the immediate medical attention that they need. Moreover, this code of silence, the City knew, would lead to excessive force being used against persons such as the Plaintiff. The City's policies and procedures in this regard were the driving force behind the Plaintiff's injuries.

14. As a result of the actions described above, the Plaintiff suffered pecuniary damage, humiliation, severe physical damage, as well as emotional distress.

WHEREFORE, Plaintiff demands compensatory damages against the City of Chicago, plus the costs of this action, and any such other and additional relief as this Court deems equitable and just.

<u>COUNT III – Plaintiff against the City of Chicago (Indemnification on Federal Claims)</u>

15. Plaintiff realleges what has been previously alleged in this Complaint.

16. Defendant City of Chicago is the indemnifying entity for the actions, described above, of Defendant Louis Jones, who took his actions while acting under color of law and in the course and scope of his employment with the City of Chicago.

WHEREFORE, should Louis Jones be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) she obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

        Respectfully submitted,

        s/ Richard Dvorak

        _____

        Richard Dvorak,
        One of the Attorneys for the Plaintiff.

Richard Dvorak
DVORAK, TOPPEL & BARRIDO
3859 W. 26th Street
Chicago, IL 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)