IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME TATE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 218 |
| vs. | ) | |
| | ) | Hon. Judge Coar |
| CITY OF CHICAGO, | ) | |
| a municipal corporation, | ) | Hon. Mag. Judge Cox |
| LOUIS JONES, Star Number 11648 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S ANSWER, DEFENSES AND JURY DEMAND
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Louis Jones, by one of his attorneys, Avi T. Kamionski, for his answer, defenses, and jury demand to plaintiff's first amended complaint, states as follows:

**Jurisdiction/Venue**

1. This incident occurred on or about January 29, 2006, in the City of Chicago, Cook County, Illinois.

**ANSWER:** Defendant admits the allegations in this paragraph.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

**ANSWER:** Defendant admits jurisdiction is proper.

**Parties**

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.     At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendant Louis Jones, a Chicago Police Officer, Star Number, 11648, who took his actions under color of law, and in the course and scope of his employment with the City of Chicago.

**ANSWER:**     Defendant admits the allegations in this paragraph.

### Facts

5.     On or about January 29, 2006, Jones, without lawful justification, battered the Plaintiff, *i.e., inter alia*, he repeatedly kicked the Plaintiff about the body – and more specifically in the testicles – causing the Plaintiff severe and permanent bodily injury, including but not limited to surgery to repair his left testicle, thus Jones used excessive force on the Plaintiff.

**ANSWER:**     Defendant denies the allegations in this paragraph.

6.     In addition, prior to and on the date of the occurrence, the City of Chicago had in place one or more widespread policies and procedures in place that were the driving force behind the Plaintiff's injuries. These policies and/or procedures include, but are not limited to, the widespread use of excessive force by Chicago police officers, with the full knowledge of the City of Chicago, and the City of Chicago knew, on the date of the occurrence and prior to that date, that its policies and procedures would result in the continued use of excessive force against persons such as the Plaintiff, but the City nevertheless did nothing to prevent this from happening.

**ANSWER:**     Defendant denies the allegations in this paragraph.

7.     Moreover, prior to and at the time of this occurrence, the City had in place at least one policy or procedure in place that endorsed the so-called "code of silence," a police and/or procedure whereby City of Chicago police officers or other employees agree to protect one another from civil lawsuits and possible criminal indictments by covering up for each other's actions, that prevents persons such as the Plaintiff from vindicating their rights in court and from getting the immediate medical attention that they need. Moreover, this code of silence, the City knew, would lead to excessive force being used against persons such as the Plaintiff, and that the Plaintiff would be hindered in his ability to get immediate medical treatment and full vindication of his rights in a court of law. The City's policies and procedures in this regard were the driving force behind the Plaintiff's injuries.

**ANSWER:**     Defendant denies the allegations in this paragraph.

8.     As a result of the actions described above, the Plaintiff suffered pecuniary damage, humiliation, severe physical damage, as well as emotional distress.

**ANSWER:**     Defendant denies the allegations in this paragraph.

## COUNT 1-42. U.S.C. § 1983 –
### Excessive Force – Plaintiff against Defendant Louis Jones

9.      Plaintiff realleges what has previously been alleged in this Complaint.

**ANSWER:**   Defendant's answers to the previous paragraphs are incorporated by reference as though fully set forth here.

10.     In taking the actions described above, Defendant Jones willfully and wantonly used excessive force on the Plaintiff, the proximate cause of which was the Plaintiff's damages, described more fully above.

**ANSWER:**   Defendant denies the allegations in this paragraph.

## COUNT II- 42. U.S.C § 1983 –
### Monell Claim – Plaintiff against the City of Chicago

Defendant makes no answer to Count II as it is directed to the City of Chicago.

**COUNT III - Plaintiff against the City of Chicago (Indemnification on Federal Claims)**

Defendant makes no answer to Count III as it is directed to the City of Chicago.

WHEREFORE, Defendant prays that this Court enter judgment in his favor and against plaintiff on all counts; award him such costs as provided by law; and grant such other and further relief as this Court deems just and proper.

### Affirmative Defenses

1.      At all times material to the events alleged in plaintiff's first amended complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendant, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendant, therefore, is entitled to qualified immunity as a matter of law.

2.      Plaintiff has a duty to mitigate any of his claimed injuries or damages in this case,

and to the extent he has failed to do so, any verdict or judgement he obtains must be reduced accordingly.

3. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendant respectfully requests a trial by jury.

Respectfully Submitted,

/s/ Avi T Kamionski
AVI T. KAMIONSKI
Assistant Corporation Counsel

30 North La Salle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-0747
Attorney Number 6283191

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the above and foregoing **DEFENDANT'S ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to be sent via electronic filing to the person named in the foregoing Notice at the address therein shown, on March 20, 2008.

/S/ Avi T Kamionski
AVI T. KAMIONSKI