IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME TATE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 218 |
| vs. | ) | |
| | ) | Hon. Judge Coar |
| CITY OF CHICAGO, | ) | |
| a municipal corporation, | ) | Hon. Mag. Judge Cox |
| LOUIS JONES, Star Number 11648 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES,
AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Chicago, (the "City"), by and through its attorney, Mara S. Georges, Corporation Counsel of the City, answers plaintiff's First Amended Complaint as follows:

**Jurisdiction/Venue**

1.  This incident occurred on or about January 29, 2006, in the City of Chicago, Cook County, Illinois.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2.  The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

**ANSWER:** The City admits the allegations in this paragraph.

**Parties**

3.  At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

4.  At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendant Louis Jones, a Chicago Police Officer, Star Number, 11648, who took his actions under color of law, and in the course and scope of his employment with the City of Chicago.

**ANSWER:** **The City admits that, on January 29, 2006, it was a municipal corporation and defendant Officer Jones was an employee of the Chicago Police Department. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

## Facts

5.  On or about January 29, 2006, Jones, without lawful justification, battered the Plaintiff, *i.e., inter alia*, he repeatedly kicked the Plaintiff about the body – and more specifically in the testicles – causing the Plaintiff severe and permanent bodily injury, including but not limited to surgery to repair his left testicle, thus Jones used excessive force on the Plaintiff.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

6.  In addition, prior to and on the date of the occurrence, the City of Chicago had in place one or more widespread policies and procedures in place that were the driving force behind the Plaintiff's injuries. These policies and/or procedures include, but are not limited to, the widespread use of excessive force by Chicago police officers, with the full knowledge of the City of Chicago, and the City of Chicago knew, on the date of the occurrence and prior to that date, that its policies and procedures would result in the continued use of excessive force against persons such as the Plaintiff, but the City nevertheless did nothing to prevent this from happening.

**ANSWER:** **The City denies the allegations contained in this paragraph.**

7. Moreover, prior to and at the time of this occurrence, the City had in place at least one policy or procedure in place that endorsed the so-called "code of silence," a police [sic] and/or procedure whereby City of Chicago police officers or other employees agree to protect one another from civil lawsuits and possible criminal indictments by covering up for each other's actions, that prevents persons such as the Plaintiff from vindicating their rights in court and from getting the immediate medical attention that they need.  Moreover, this code of silence, the City knew, would lead to excessive force being used against persons such as the Plaintiff, and that the Plaintiff would be hindered in his ability to get immediate medical treatment and full vindication of his rights in a court of law.  The City's policies and procedures in this regard were the driving force behind the Plaintiff's injuries.

**ANSWER:    The City denies the allegations contained in this paragraph.**

8. As a result of the actions described above, the Plaintiff suffered pecuniary damage, humiliation, severe physical damage, as well as emotional distress.

**ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

**COUNT 1-42. U.S.C. § 1983 –
Excessive Force –
Plaintiff against Defendant Louis Jones**

**Count I is not directed against the City of Chicago.  Therefore, the City responds to the allegations in Count I only to the extent that they are incorporated in other counts directed against the City.**

9. Plaintiff realleges what has previously been alleged in this Complaint.

**ANSWER:    The City restates and realleges its answers to each of the foregoing paragraphs as if stated here.**

10.     In taking the actions described above, Defendant Jones willfully and wantonly used excessive force on the Plaintiff, the proximate cause of which was the Plaintiff's damages, described more fully above.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

### COUNT II- 42. U.S.C § 1983 – Monell Claim – Plaintiff against the City of Chicago

11.     Plaintiff realleges what has previously been alleged in this Complaint.

**ANSWER:     The City restates and realleges its answers to each of the foregoing paragraphs as if stated here.**

12.     In addition, the City of Chicago has one or more widespread policies and procedures in place that were the driving force behind the Plaintiff's injuries.  These policies and/or procedures include, but are not limited to, the widespread use of excessive force by Chicago police officers, with the full knowledge of the City of Chicago, and the City of Chicago knew prior to the date of the this occurrence, that its policies and procedures would result in the continued use of excessive force against persons such as the Plaintiff, but the City nevertheless did nothing to prevent this from happening.

**ANSWER:     The City denies the allegations contained in this paragraph.**

13.     Moreover, prior to and at the time of this occurrence, the City has at least one policy or procedure in place that endorsed the so-called "code of silence" that prevents persons such as the Plaintiff from vindicating their rights in court and from getting the immediate medical attention that they need.  Moreover, this code of silence, the City knew, would lead to excessive force being used against persons such as the Plaintiff.  The City's policies and procedures in this regard were the driving force behind the Plaintiff's injuries.

**ANSWER:     The City denies the allegations contained in this paragraph.**

14.     As a result of the actions described above, the Plaintiff suffered pecuniary damage, humiliation, severe physical damage, as well as emotional distress.

**ANSWER:** The City denies the allegations contained in this paragraph.

WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor on plaintiff's complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**COUNT III - Plaintiff against the City of Chicago (Indemnification on Federal Claims)**

15. Plaintiff realleges what has been previously alleged in this Complaint.

**ANSWER:** The City restates and realleges its answers to each of the foregoing paragraphs as if stated here.

16. Defendant City of Chicago is the indemnifying entity for the actions, described above, of Defendant Louis Jones, who took his actions while acting under color of law and in the course and scope of his employment with the City of Chicago.

**ANSWER:** The City states that the allegations in this paragraph regarding indemnification are a vague, incomplete and/or inaccurate statement of the City's liability; therefore, this allegation is denied. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor on plaintiff's complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**JURY DEMAND**

**Defendant City of Chicago requests a trial by jury.**

## AFFIRMATIVE DEFENSES

1. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

2. To the extent any injuries or damages claimed by plaintiff was proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

**DATED:** March 20, 2008

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
of the City of Chicago

BY:   s/*Robert C. Rutherford, Jr.*
ASHLEY C. KOSZTYA
ROBERT C. RUTHERFORD, Jr.
Assistants Corporation Counsel

Employment & Policy Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois  60602
(312) 744-9332/ 742-7036

**CERTIFICATE OF SERVICE**

    I certify that, on March 20, 2008, I caused true and correct copies of **Defendant City of Chicago's Answer, Defenses and Jury Demand to Plaintiff's First Amended Complaint**, to be served on plaintiff's counsels by electronic filing.

Richard J. Dvorak,
Brian J. Barrido,
Neil L. Toppel
3859 West 26th Street
Chicago, Illinois 60623
(773) 521-1300

                                                                              s/ *Robert C. Rutherford, Jr.*
                                                                              ROBERT C. RUTHERFORD, Jr.
                                                                              Assistant Corporation Counsel

Employment & Policy Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 742-7036