**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JEROME TATE** | ) | |
| | ) | |
| | ) | **Judge David H. Coar** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge Cox** |
| **v.** | ) | |
| | ) | |
| **CITY OF CHICAGO, a municipal corporation,** | ) | |
| **LOUIS JONES, Star Number 11648,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR ENTRY OF A PROTECTIVE ORDER

Defendant City of Chicago, by its attorney Mara S. Georges, Corporation Counsel for the

City, and with the agreement of individual defendant Louis Jones, through his attorney

Christopher Wallace, move this Court pursuant to Fed.R.Civ.P. 26(c), for entry of a protective

order regarding records in this matter.  In support thereof, the defendants state as follows:

1.      Documents pertaining to the parties and non-parties will be sought and produced

in this matter, including, but not limited to, the production of personnel files and information

such as disciplinary histories, Complaint Registers, and medical records and information.

2.      Complaint Registers contain personnel record information regarding party and

non-party police officers (including, but not limited to, personnel files and information,

disciplinary documents, personal identifiers of officers and their families, and financial

information) and personal identifiers of non-party civilian witnesses.  In some circumstances,

these records also include medical information protected by federal law.  The *Illinois Personnel*

*Records Review Act*, 820 ILCS 40/0.01, protects the disclosure of employee personnel files,

disciplinary histories and related information.  These records are also protected from

dissemination by the *Illinois Freedom of Information Act*, 5 ILCS 140/1 *et. seq.*, which exempts

personnel files and documents appropriately contained in personnel files (i.e., disciplinary

records) from disclosure, and by and Rule 3.6 of the Illinois Supreme Court Rules of Professional

Conduct and Rule 83.53.6 of the Northern District Local Rules[1], which prevent lawyers from

making extrajudicial statements the lawyer knows or reasonably should know is likely to be

disseminated by public media, and, if so disseminated, would pose a serious and imminent threat

to the fairness of an adjudicative proceeding.

3.      Furthermore, medical and psychological records are protected under the Health

Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified primarily at 18, 26 &

42 U.S.C. (2002), and attending regulations at 45 C.F.R. §§ 160 & 164 (2000).

4.      The proposed Protective Order would govern the pre-trial discovery stage of this

litigation, and would prohibit the use of the specifically identified confidential information for

any purpose other than litigation of this case.  The order would further prohibit the dissemination

of this specifically identified material, and information contained therein, to parties outside this

litigation, and requires their return to the producing party following the resolution of this case.

Such an order ensures the protection of private and confidential information of all the parties.  At

the same time, it facilitates the seamless compliance with production requests during the

discovery phase of litigation.  The defendants' proposed Protective Order, attached as Exhibit 1,

is, thus, consistent with the principles of federal and Illinois law and protects against unfairness

---

[1]The Committee Comments to the Local Rules acknowledge that it is "difficult to strike a balance between protecting the right to a fair trial and safeguarding the right of free expression." The Committee explains that "[p]reserving the right to a fair trial necessarily entails some curtailment of the information that may be disseminated about a party prior to trial, particularly where a trial by jury is involved."

in the litigation process.

6.    For the foregoing reasons, good cause is established for entry of the proposed

protective order.

**WHEREFORE**, Defendants respectfully request that this Court enter the attached

Protective Order.

**DATED: July 9, 2008**                                Respectfully submitted,

                                                       MARA S. GEORGES
                                                       Corporation Counsel of the City of Chicago

                                           By:  /s/ *Ashley C. Kosztya*
                                                Ashley C. Kosztya
                                                Assistant Corporation Counsel

30 N. LaSalle, Ste. 1020
Chicago, Illinois 60602
312-744-6922

                                                /s/ *Christopher Wallace*
                                                Christopher Wallace
                                                Assistant Corporation Counsel

30 N. LaSalle, Ste. 1400
Chicago, Illinois 60602
312-742-6408